CASE 43.—PROCEEDINGS BY THE COMMONWEALTH TO
RESTRAIN WILLIAM M. CARNES FROM ACTING
AS SPECIAL JUDGE IN THE CASE OF COMMON-
WEALTH AGAINST HARGIS AND OTHERS IN THE
BREATHITT CIRCUIT COURT.—January 18.

## Commonwealth v. Carnes

On motion before the Court of Appeals.   Motion
overruled.

1.  Special Judges—Duties and Powers.— It is not necessary that
    a special judge shall be a resident of the district in which
    he presides.
2.  Qualifications—The present statute provides that a special
    judge must possess "all the qualifications of a circuit judge to
    try such action, proceeding or prosecution," but a statute
    requiring that a special judge must possess "the qualifications
    of a circuit judge" means that he must possess all the qual-
    ifications of a circuit judge.
3.  Special Terms.—A special judge may call and hold a special
    term just as a regular judge could hold it.
4.  Granting Continuances.—The special judge having the same
    power as the regular judge must necessarily exercise a sound
    discretion in the matter of granting continuances.   It is
    proper that due regard should be given to the views of the
    attorney for the commonwealth, but the judge has a dis-
    cretion which he must exercise.
5.  Indictments—Accessories Before the Fact.—Under an indict-
    ment for murder one may be convicted as an accessory before
    the fact although not present at the time of the killing.
6.  Appointing Elisor.—Under the facts shown, the special judge
    did not abuse a sound discretion in deciding to appoint an
    elisor to act in lieu of the sheriff.
7.  Trying Cases as Docketed.—The judge has the right to try
    the cases as they stand on the docket.
8.  Selecting Jury—Drawing from Wheel—Bystanders.—In select-
    ing a jury, if the special judge has not the key to the jury
    wheel he should apply to the regular judge for it, and when
    the regular panel of the jury is exhausted he should draw
    jurors from the wheel and not summon bystanders, and if,

Commonwealth v. Carnes.

after a reasonable effort, a jury cannot be obtained in the county where the trial is had, he may direct a jury to be summoned from an adjoining county.

N. B. HAYS, Attorney General, J. P. ADAMS, BYRD & JOUETT and C. H. MORRIS, for plaintiff.

LEWIS McQUOWN, J. H. HAZELRIGG, McQUOWN & BROWN, and HAZELRIGG, CHENAULT & HAZELRIGG, for defendant.

OPINION OF THE COURT BY JUDGE HOBSON—Overruling motion.

The regular circuit judge declined to sit in the case of Commonwealth v. James Hargis, and several other prosecutions pending in the Breathitt circuit court. The Governor appointed William M. Carnes as special judge to hold the court. He called a special term of the court for the trial of the cases, and was proceeding with the trial of the case of Commonwealth v. Hargis, when the Attorney General and the commonwealth's attorney filed in this court a petition praying this court to issue a writ, restraining him from further proceeding in the matter. A temporary order was made as prayed; a response was then filed to the petition, and the case was heard orally. We will indicate briefly our conclusions upon the record.

1. It is not necessary that a special Judge shall be a resident of the district. It was so held in Farrell v. Commonwealth, 7 Ky. Law Rep. 683, and in Breckinridge v. Commonwealth, 97 Ky. 267, 17 Ky. Law Rep. 263, 30 S. W. 634. The statute under which these decisions were rendered, provided that the special judge must possess "the qualifications of a circuit judge." The present statute provides that he must possess "all the qualification of a circuit judge to try such action, proceeding, or prosecution." The require-

ment that the special judge must have the qualifications of a circuit judge would not be satisfied, if he possessed only part of the qualifications, and did not possess others. The addition of the word "all" in no way changed the sense. It simply expressed in words what was clearly meant before. Judge Carnes possessed all the qualifications of a circuit judge to try the prosecution, and was competent to sit.

2. It was not necessary that the regular judge of the district should call the special term. He had declined to sit in the cases at all. The special judge, by section 971, Ky. Stat., 1903, is given all the power of the regular judge. He is simply substituted for the regular judge in the cases referred to, and may call and hold a special term, just as a regular judge could hold it. The act of 1906 (see Acts 1906, p. 249, c. 23) is an amendment to section 964, Ky. Stat., 1903, and does not repeal the provisions of section 971. The special judge, after he qualified, possessed all the powers of the regular judge as to the cases for which he had been appointed. We therefore conclude that the court was properly constituted, and that the special term was regularly called.

3. The action of the circuit judge in overruling the motion of the commonwealth for a continuance was evidently based upon the ground that the attendance of the witnesses could probably be secured, and his judgment in this matter seems to have been verified by the facts. The circuit judge must necessarily exercise a sound discretion in the matter of continuances. The defendant is entitled to a speedy trial, and the circuit judge should not allow the case to be continued over his objection, unless, in the judgment of the circuit court, the ends of justice so require. It is proper that due regard should be given the views of the commonwealth attorney as the representative

of the commonwealth, but, after all, the circuit judge has a discretion in the matter, which he must exercise, and we see nothing in this record to indicate an abuse of discretion in the court's overruling the motion for a continuance.

4. The motion of the commonwealth attorney to quash the indictment and re-refer the case to the grand jury was made apparently on the ground that the circuit court, in a neighboring circuit, had held, under a similar indictment, that the defendant could only be convicted as principal in the homicide. The commonwealth attorney learned that much of the evidence for the commonwealth would be directed to show that the defendant was an accessory before the fact, and, being apprehensive that the ruling referred to would be followed in this case, he moved the court to quash the indictment, and re-refer the case to the grand jury. The court took the view that the indictment was sufficient, and that there was nothing to be gained by quashing it and re-referring the case to the grand jury. In the case of Commonwealth v. Hargis (this day decided), 99 S. W. —, this court has reversed the case referred to in which the indictment was held insufficient to warrant the conviction of the defendant as an accessory before the fact. Judge Carnes was right in holding the indictment good, and a reference to the grand jury unnecessary. Under the indictment the defendant may be convicted, if he was absent at the time the homicide was committed, and was an accessory before the fact to the murder.

5. Under the facts shown, the circuit court did not abuse a sound discretion in deciding to appoint an elisor to act in lieu of the sheriff. There was no controversy as to the facts stated in the affidavits.

6. The court had the right to try the cases as they stood on the docket.

7. By section 2244, Ky. Stat., 1903, it is provided that if, at any special term of a circuit court, grand or petit juries are required, the judge of the court may direct the clerk to open the list made and delivered to him at the last regular term, and that the clerk shall then open the list, and deliver a copy to the sheriff who shall summon the jurors. It is also provided that the judge shall draw from the wheel other lists for the next regular term of the court, instead of the lists used. As the special judge has all the power of a regular judge, this section applies to the special judge no less than the regular judge. If the special judge has not the key, he should apply to the regular judge for it, as it is provided in section 2245, Ky. Stat., 1903, that the regular judge shall transmit the key by some reliable person or by express to the pro tem. judge of the court at any term of the court at which a jury is to be drawn, if the regular judge cannot attend. The circuit judge, in the case at bar, should make up the panel as indicated, and should not summon bystanders. It is provided in the Acts of 1906 (See Acts, 1906, p. 532, c. 156), as follows: "If, in any criminal or penal cause or proceeding called for trial, the panel shall be exhausted by challenge, the judge may supply such jurors by drawing from the drum or wheel case, or he may direct the sheriff to summon for the trial of that cause any number of bystanders or persons to fill such vacancies." In this case, in view of the facts shown by the record, if the panel should be exhausted before a jury is made up, the judge should supply the jurors by drawing from the drum or wheel, and if, after a reasonable effort in this way, a jury cannot be obtained in Breathitt county, the court may, under section 194 of the Criminal Code of Practice, direct a jury to be summoned from an adjoining county. No

motion has been made by either party for a change of venue.

In the foregoing conclusions all the members of the court concur. In view of the fact that we are assured by Judge Carnes that it will be his pleasure to execute the law as declared by this court, and inasmuch as the statute as to the selection of jurors with its amendments has not been heretofore construed, the court is of opinion that the preliminary order heretofore staying proceedings should be set aside, and the petition dismissed. This conclusion renders it unnecessary for us to pass on the jurisdiction of this court in the premises.

Motion overruled.